1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE JR, | CASE NO. 1:07-cv-1101-OWW-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT, OR |
| v. | NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| KATHY MENDOZA-POWERS, et al., | AS AGAINST DEFENDANTS MENDOZA-POWERS AND HENRY WITHIN THIRTY |
| Defendants. | DAYS |
| _____/ | (Doc. 3) |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff Ralph Kelly Hawthorne Jr. ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 23, 2007.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1

1  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

2  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

3  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

4  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

5  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only

6  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

7  the allegations. <u>Id.</u> at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

8  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

9  the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>,

10  353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u>

11  <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

12  opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir.

13  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

14  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

15  complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l</u>

16  <u>Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d

17  266, 268 (9th Cir. 1982)).

18      B.   <u>Plaintiff's Claims</u>

19         1.   <u>Summary of Plaintiff's Complaint</u>

20      The events at issue in this action allegedly occurred at Avenal State Prison, where plaintiff

21  is incarcerated.  Plaintiff names Warden Kathy Mendoza-Powers, Captain S.K. Pennywell,

22  Correctional Counselor II Appeal Supervisor J. DonDiago, School Supervisor Rosemary Ndor,

23  Librarian K. Henry, and Academic Vice-Principal R. Braly as defendants.  Plaintiff is seeking

24  nominal damages and equitable relief.

25      Plaintiff states that he suffers from dyslexia, and requires additional library assistance to help

26  him with his legal work.  Plaintiff contends that the help received is incompetent, disrespectful, and

27  degrading.  Plaintiff contends that as a result he is unable to prepare his writ of habeas corpus, or file

28  legal documents in the courts.

1     2. Denial of Access to the Courts

2    To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under

3 color of state law and (2) that the defendant deprived him of rights secured by the Constitution or

4 federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  Inmates have a

5 fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).

6 The right of access is merely the right to bring to court a grievance the inmate wishes to present, and

7 is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  The State

8 is not required to enable the inmate to discover grievances or to litigate effectively once in court.

9 Id.

10    Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries

11 and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because

12 inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate

13 cannot establish relevant actual injury by establishing that his prison's law library or legal assistance

14 program is subpar in some theoretical sense."  Id.  Rather, an inmate claiming interference with or

15 denial of access to the courts must show that he suffered an actual injury.  Id.; Christopher v.

16 Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2180 (2002).

17    Where an inmate can demonstrate that the presentation of a claim challenging the sentence

18 or condition of confinement is being prevented because the capability of filing suit has not been

19 provided, "he demonstrates that the State has failed to furnish *adequate* law libraries or *adequate*

20 assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 356 (1996), citing Bounds

21 v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, at 1498 (1977).  (internal quotations omitted; emphasis

22 in original).

23    In the present case, plaintiff asserts that due to the lack of adequate assistance provided he

24 cannot file his writ for habeas corpus.  Plaintiff states a cognizable claim for relief under section

25 1983 for denial of access to the courts as against defendants Henry and Mendoza-Powers.

26     3. Fourteenth Amendment Claims

27    Plaintiff contends that pursuant to the Due Process and Equal Protection Clauses of the

28 Fourteenth Amendment, prisoners must be "permitted court access that is 'adequate', effective and

1    meaningful". (Doc. 3, p.4:2-6).

2                                    (a)    Due Process

3           The Due Process Clause of the Fourteenth Amendment protects prisoners from being

4    deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539,

5    556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was deprived of

6    a protected interest without procedural due process.

7            "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to

8    prove that a challenged government action was clearly arbitrary and unreasonable, having no

9    substantial relation to the public health, safety, morals, or general welfare.  Where a particular

10   amendment provides an explicit textual source of constitutional protection against a particular sort

11   of government behavior, that Amendment, not the more generalized notion of substantive due

12   process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874

13   (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845

14   (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Plaintiff has not alleged any

15   facts that would support a claim that his rights under the substantive component of the Due Process

16   Clause were violated.

17                                    (b)    Equal Protection

18          Equal protection claims arise when a charge is made that similarly situated individuals are

19   treated differently without a rational relationship to a legitimate state purpose.  See San Antonio

20   School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a

21   violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that

22   defendants acted with intentional discrimination against plaintiff or against a class of inmates which

23   included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection

24   claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740

25   (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins.

26   Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998,

27   1010 (9th Cir. 1985).

28          Although plaintiff alleges generally in his complaint that his right to equal protection was

                                            4

violated, plaintiff has alleged no facts that support a claim for relief under the Equal Protection Clause.

4.     Inmate Appeals Process and Linkage Deficiencies

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500

F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff names Appeal Supervisor DonDiago and Vice Principal Braly has defendants, but his complaint is devoid of any facts whatsoever concerning defendant DonDiago's involvement in the events giving rise to this action, and states only that defendant Braly partially granted plaintiff's appeal at the first level.   Notwithstanding the obvious linkage deficiencies in plaintiff's complaint, the defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 as against DonDiago and Braly.

5.   <u>Claims Against Defendants Pennywell, and Ndor</u>

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendants Pennywell or Ndor personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is

6

1  a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

2  <u>Hansen v. Black</u> at 646.  In fact, plaintiff states that he names  Facility Captain Pennywell and

3  School Supervisor Ndor as defendants solely because of their positions, without providing any facts

4  sufficient to state a claim as against them.  Plaintiff fails to state a cognizable claim for relief under

5  section 1983 against defendants Pennywell and Ndor.

6  II.       Plaintiff's Request for Appointment of Counsel

7         Included in plaintiff's complaint is a request that the court appoint an attorney to represent

8  him.  (Doc. 3, p.9:28-10:2).  Plaintiff is not proceeding in forma pauperis in this action, and has

9  indicated his willingness to pay for representation.  Plaintiff does not require a court order to obtain

10 representation.   Therefore, plaintiff's request for an order appointing counsel is denied.

11 III.      Conclusion

12        Plaintiff's complaint states cognizable claims as against defendants Mendoza-Powers and

13 Henry only for denial of access to the courts.   However, plaintiff's amended complaint sets forth

14 many deficient claims, largely due to plaintiff's failure to adequately link the violation of his rights

15 to specific acts or omission of individual defendants. The court will provide plaintiff with the

16 opportunity to file an amended complaint, if plaintiff wishes to do so.

17        If plaintiff does not wish to file an amended complaint and wishes to proceed on the

18 cognizable claims only, Plaintiff may so notify the court in writing.  The court will then issue

19 Findings and Recommendations recommending that the remaining claims and defendants be

20 dismissed from this action, and will forward plaintiff two (2) summons and two (2) USM-285 forms

21 to fill out and return to the court.  Upon receipt of these documents, the court will direct the United

22 States Marshal to initiate service of process.

23        In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

24 15-220 requires that an amended complaint be complete in itself without reference to any prior

25 pleading.  As a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

26 <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

27 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

28 original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

3  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

4  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

5  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

6  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

7  588 F.2d 740, 743 (9th Cir. 1978).

8    Based on the foregoing, it is HEREBY ORDERED that:

9    1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

10   2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

11         a.    File an amended complaint curing the deficiencies identified by the court in

12               this order, or

13         b.    Notify the court in writing that he does not wish to file an amended complaint

14               and wishes to proceed only on the cognizable claims as against defendants

15               Mendoza-Powers and Henry;

16   3.    Plaintiff's request for the appointment of counsel is denied; and

17   4.    If plaintiff fails to comply with this order, this action will be dismissed for failure to

18         obey a court order.

21   IT IS SO ORDERED.

22   **Dated:**    **April 30, 2008**            **/s/ Dennis L. Beck**

23                                        UNITED STATES MAGISTRATE JUDGE

8