# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE JR, | CASE NO. 1:07-cv-1101-OWW-DLB PC |
| Plaintiff, | SECOND SCREENING ORDER |
| v. | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT, OR |
| KATHY MENDOZA-POWERS, et al., | NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| Defendants. | AS AGAINST DEFENDANTS MENDOZA-POWERS AND HENRY WITHIN THIRTY DAYS |

I.  Second Screening Order

    A.  Screening Requirement

Plaintiff Ralph Kelly Hawthorne Jr. ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 23, 2007. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Plaintiff's Claims

            1.      Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at Avenal State Prison, where plaintiff is incarcerated. Plaintiff names Warden Kathy Mendoza-Powers, Captain S.K. Pennywell, Correctional Counselor II Appeal Supervisor J. DonDiago, School Supervisor Rosemary Ndor, Librarian K. Henry, and Academic Vice-Principal R. Braly as defendants. Plaintiff is seeking nominal damages and equitable relief.

Plaintiff states that he suffers from dyslexia, and requires additional library assistance to help him with his legal work. Plaintiff contends that the help received is incompetent, disrespectful, and degrading. Plaintiff contends that as a result he is unable to prepare his writ of habeas corpus, or file legal documents in the courts.

2

2.     Denial of Access to the Courts

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.; Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2180 (2002).

In the present case, plaintiff asserts that due to the lack of adequate assistance provided he cannot file his writ for habeas corpus. Plaintiff states a cognizable claim for relief under section 1983 for denial of access to the courts as against defendants Henry and Mendoza-Powers.

3.     Inmate Appeals Process and Linkage Deficiencies

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.

3

Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. <u>Buckley</u>, 997 F.2d at 495.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff names Appeal Supervisor DonDiago and Vice Principal Braly has defendants, but his complaint is devoid of any facts whatsoever concerning defendant DonDiago's involvement in the events giving rise to this action, and states only that defendant Braly partially granted plaintiff's appeal at the first level. Notwithstanding the obvious linkage deficiencies in plaintiff's complaint, the defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that

1  defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon
2  which relief may be granted under section 1983 as against DonDiago and Braly.

3          4.      Claims Against Defendants Pennywell, and Ndor

4          Under section 1983, liability may not be imposed on supervisory personnel for the actions
5  of their employees under a theory of respondeat superior.  When the named defendant holds a
6  supervisory position, the causal link between the defendant and the claimed constitutional violation
7  must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
8  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for
9  relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the
10 defendant either: personally participated in the alleged deprivation of constitutional rights; knew of
11 the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient
12 that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
13 constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
14 omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

15         Plaintiff has not alleged any facts indicating that defendants Pennywell or Ndor personally
16 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
17 act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is
18 a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
19 Hansen v. Black at 646.  In fact, plaintiff states that he names  Facility Captain Pennywell and
20 School Supervisor Ndor as defendants solely because of their positions, without providing any facts
21 sufficient to state a claim as against them.  Plaintiff fails to state a cognizable claim for relief under
22 section 1983 against defendants Pennywell and Ndor.

23 II.    Plaintiff's Request for Appointment of Counsel

24         Included in plaintiff's complaint is a request that the court appoint an attorney to represent
25 him.  (Doc. 3, p.9:28-10:2).  Plaintiff is not proceeding in forma pauperis in this action, and has
26 indicated his willingness to pay for representation.  Plaintiff does not require a court order to obtain
27 representation.  Therefore, plaintiff's request for an order appointing counsel is denied.
28 ///

III.	Conclusion

Plaintiff's complaint states cognizable claims as against defendants Mendoza-Powers and Henry only for denial of access to the courts. However, plaintiff's amended complaint sets forth many deficient claims, largely due to plaintiff's failure to adequately link the violation of his rights to specific acts or omission of individual defendants. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed on the cognizable claims only, Plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff two (2) summons and two (2) USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the cognizable claims as against defendants Mendoza-Powers and Henry;

3. Plaintiff's request for the appointment of counsel is denied; and

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 26, 2008**              /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE