Case 1:07-cv-01101-LJO-DLB   Document 17   Filed 10/07/08   Page 1 of 6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE JR, | CASE NO. 1:07-cv-1101-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| KATHY MENDOZA-POWERS, et al., | |
| Defendants. | |

I.  <u>Findings and Recommendations Following Screening of Complaint</u>

Plaintiff Ralph Kelly Hawthorne Jr. ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 23, 2007. On June 27, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Henry and Mendoza-Powers for denial of plaintiff's access to the courts. However, the court found that plaintiff's allegations do not give rise to any claims for relief against defendants Pennywell, J. DonDiago, Rosemary Ndor, and R. Braly The court ordered plaintiff to either file an amended complaint or notify the court that he wishes to proceed only on his cognizable claims. After obtaining an extension of time, on September 10, 2008, plaintiff notified the court that he does not wish to amend and wishes to proceed only his cognizable claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

1

A.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

B.     Plaintiff's Claims

1.     Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at Avenal State Prison, where plaintiff is incarcerated. Plaintiff names Warden Kathy Mendoza-Powers, Captain S.K. Pennywell, Correctional Counselor II Appeal Supervisor J. DonDiago, School Supervisor Rosemary Ndor, Librarian K. Henry, and Academic Vice-Principal R. Braly as defendants. Plaintiff is seeking nominal damages and equitable relief.

Plaintiff states that he suffers from dyslexia, and requires additional library assistance to help him with his legal work. Plaintiff contends that the help received is incompetent, disrespectful, and degrading. Plaintiff contends that as a result he is unable to prepare his writ of habeas corpus, or file legal documents in the courts.

2.     Denial of Access to the Courts

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.; Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2180 (2002).

In the present case, plaintiff asserts that due to the lack of adequate assistance provided he

3

cannot file his writ for habeas corpus. Plaintiff states a cognizable claim for relief under section 1983 for denial of access to the courts as against defendants Henry and Mendoza-Powers.

### 3. Inmate Appeals Process and Linkage Deficiencies

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500

4

F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff names Appeal Supervisor DonDiago and Vice Principal Braly has defendants, but his complaint is devoid of any facts whatsoever concerning defendant DonDiago's involvement in the events giving rise to this action, and states only that defendant Braly partially granted plaintiff's appeal at the first level. Notwithstanding the obvious linkage deficiencies in plaintiff's complaint, the defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 as against DonDiago and Braly.

### 4. Claims Against Defendants Pennywell, and Ndor

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendants Pennywell or Ndor personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is

1  a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
2  <u>Hansen v. Black</u> at 646.  In fact, plaintiff states that he names Facility Captain Pennywell and
3  School Supervisor Ndor as defendants solely because of their positions, without providing any facts
4  sufficient to state a claim as against them.  Plaintiff fails to state a cognizable claim for relief under
5  section 1983 against defendants Pennywell and Ndor.

6  II.     Conclusion

7           The court finds that plaintiff's allegations give rise to cognizable claims for relief under
8  section 1983 against defendants Mendoza-Powers and Henry for violating plaintiff's right of access
9  to the courts.  However, the court finds that plaintiff's allegations do not give rise to any claims
10 against defendants Pennywell, J. DonDiago, Rosemary Ndor, and R. Braly.  The court provided
11 plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the
12 claims found to be cognizable by the court.  Accordingly, it is HEREBY RECOMMENDED that:

13         1.      This action proceed only against defendants Mendoza-Powers and Henry; and

14         2.      Plaintiff's claims based against defendants Pennywell, J. DonDiago, Rosemary Ndor,
15                 and R. Braly be dismissed for failure to state any claims upon which relief may be
16                 granted.

17         These Findings and Recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
19 days after being served with these Findings and Recommendations, plaintiff may file written
20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
23 1153 (9th Cir. 1991).

25         IT IS SO ORDERED.

26         Dated:    **October 7, 2008**            **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE