# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE JR., | CASE NO. 1:07-cv-01101 OWW DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR INTELLIGENCE TEST |
| v. | (Doc. 36) |
| MENDOZA-POWERS, et al., | |
| Defendants. | |

On February 4, 2009, the Court issued an order denying Plaintiff's motion for appointment of counsel without prejudice. (Doc. 33.) On February 27, 2009, Plaintiff filed a motion for a court-ordered intelligence test to be conducted by CDCR or Chuckwalla Valley State Prison, in order to demonstrate exceptional circumstances requiring the appointment of counsel. (Doc. 36.)

As was previously explained, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).[1] Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court

---

[1] Pursuant to 28 U.S.C. s. 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Plaintiff paid the $350.00 filing fee and is not proceeding in forma pauperis in this action.

1

1  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to
2  articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal
3  quotation marks and citations omitted).

4      As previously explained, the court does not find the required exceptional circumstances.  At
5  this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to
6  succeed on the merits, and based on a review of the record in this case, the court does not find that
7  Plaintiff cannot adequately articulate his claims. Id.  Further, Plaintiff's case is not exceptional; the
8  court is faced with similar cases almost daily.

9      The Court does not require an intelligence test to make its determination on Plaintiff's
10  request for counsel.  Plaintiff's motion for a court-ordered intelligence test is denied.

12    IT IS SO ORDERED.

13      **Dated:**   **July 7, 2009**           **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE