# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | Case No. 1:07-cv-01101-OWW-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| KATHY MENDOZA-POWER, et al., | |
| Defendants. | (Doc. 40) |
| | OBJECTIONS DUE WITHIN 30 DAYS |

**I.    Findings and Recommendations**

Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 12, 2009, Defendants Mendoza-Powers and Henry filed a motion to dismiss.  Plaintiff did not file an opposition or statement of non-opposition within the required time.  The Court then issued an order on April 21, 2009, directing Plaintiff to file a response to the motion to dismiss within 30 days of service of the order.  (Doc. 40.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

1  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
2  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
3  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-
4  41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to
5  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
6  1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
7  1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local
8  rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a
9  court order, or failure to comply with local rules, the Court must consider several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
11 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12 their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;
13 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
14 46 F.3d at 53.

15      In the instant case, the Court finds that the public's interest in expeditiously resolving this
16 litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
17 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
18 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
19 Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
20 disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
21 discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
22 will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.
23 Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

24      Plaintiff was warned that failure to comply with the Court's order would result in
25 recommendation that this action be dismissed for failure to obey a court order.  Plaintiff failed to
26 file an opposition, but instead, filed numerous other motions that had no bearing on the action.
27 //
28 //

1  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED
2 based on Plaintiff's failure to obey the Court's order of April 21, 2009.
3  These Findings and Recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5 **days** after being served with these Findings and Recommendations, the parties may file written
6 objections with the court.  Such a document should be captioned "Objections to Magistrate
7 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.
12  Dated:   **September 30, 2009**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

3