IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | CASE NO. 1:07-cv-01101-OWW-DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | (Doc. 61) |
| KATHY MENDOZA-POWER, et al., | ORDER STRIKING LODGED AMENDED COMPLAINT |
| Defendants. | (Doc. 65) |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 23, 2007 against Defendant Kathy Mendoza-Powers and K. Henry. On March 12, 2009, Defendants filed a motion to dismiss. On July 2, 2009, Plaintiff filed a motion requesting leave to file an amended complaint. On July 8, 2009, Defendants opposed this motion On December 10, 2009, the Court denied Plaintiff's request. On December 21, 2009, Plaintiff file another motion to amend his complaint. The Court treats this as a motion for reconsideration. (Doc. 61.) Plaintiff also filed an amended complaint, which was lodged. (Doc. 65.)

Plaintiff contends that because he has dyslexia and is proceeding pro se, he should be entitled to leeway to file an amended complaint now. The time for filing an amended complaint as a matter of course has passed. See Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to

which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . ., whichever is earlier."). Thus, Plaintiff's motion is governed by Federal Rule of Civil Procedure 15(a)(2), which states that a party may amend its pleading only with the opposing party's written consent or the court's leave. Defendants have not consented to Plaintiff amending his complaint.

Although courts must construe a pro se litigant's pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Amending a complaint more than two years after its filing is too great a time lapse. The Court does not grant Plaintiff leave to amend, and will strike Plaintiff's lodged amended complaint.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed December 21, 2009, is DENIED with prejudice and Plaintiff's lodged amended complaint, filed December 17, 2009 is STRICKEN.

IT IS SO ORDERED.

Dated:   **January 8, 2010**            /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE