1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | Case No. 1:07-cv-01101-OWW-DLB (PC) |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| KATHY MENDOZA-POWER, et al., | (Doc. 54) |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND ACTION BE DISMISSED WITHOUT PREJUDICE |
| | (Doc. 37) |
| _____/ | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

I.    **Order Vacating September 30, 2009 Findings and Recommendations**

Plaintiff Ralph Kelly Hawthorne ("Plaintiff") is a state prisoner proceeding pro se in this

civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's

complaint, filed February 23, 2007, against Defendants Kathy Mendoza-Powers and K. Henry.

On March 12, 2009, Defendants Kathy Mendoza-Powers and K. Henry, filed a motion to dismiss.

On April 21, 2009, the Court ordered Plaintiff to file a response to the motion to dismiss within

thirty days.  Plaintiff did not do so, and on September 30, 2009, a Findings and Recommendation

was issued, recommending dismissal of the action for failure to obey a court order.  On December

17, 2009, after several extensions of time, Plaintiff filed his objections to the Findings and

Recommendation.  (Doc. 63.)

1    Plaintiff contends that he failed to obey the Court's April 21, 2009 order because he did

2    not understand the court's procedures.  Plaintiff had assumed that because the Court did not

3    respond to Plaintiff's motion for reconsideration filed on May 8, 2009, the Court was waiting for

4    Plaintiff to file an amended complaint.  Plaintiff's May 8, 2009 motion appears to indicate that

5    Plaintiff believed his case had been dismissed in its entirety.

6    Because the Court will adjudicate Defendants' motion to dismiss on the merits, the Court

7    will not dismiss this action for failure to obey a court order.  The Court will thus vacate its

8    September 30, 2009 Findings and Recommendations recommending dismissal of this action for

9    failure to obey a court order.  The Court now issues the following Findings and Recommendation

10   regarding Defendants' motion to dismiss.

11   **II.     Findings and Recommendations Regarding Defendants' Motion to Dismiss**

12        **A.     Summary Of Plaintiff's Complaint**

13    Plaintiff is a state prisoner at Avenal State Prison, where the alleged events giving rise to

14   this action occurred.  Plaintiff alleges that between July 14, 2006 and January 5, 2007, Defendants

15   Warden Mendoza-Powers and librarian K. Henry did not provide Plaintiff with assistance in

16   preparing his legal documents, namely the filing of a habeas corpus petition.  Plaintiff alleges that

17   he has dyslexia.  Plaintiff alleges that on January 5, 2007, he received insufficient assistance from

18   a law library clerk after Defendant Henry went to her office rather than assist Plaintiff.  Plaintiff

19   alleges that he requested that the court appoint him representation because no one at the library

20   could help him file a writ of habeas corpus or do research.

21    Plaintiff alleges that on July 14, 2006, he gave Defendant Henry a two-page letter with a

22   list of appeals to copy and attach, and defendant Henry was supposed to give the letter to

23   Defendant Mendoza-Powers to mail to the court.  Plaintiff alleges that he filed a grievance

24   regarding the letter and that it was partially granted at the first level.

25    Plaintiff also contends that he did not receive sufficient time in the law library.  During the

26   months of October and November 2006, Plaintiff claims that he spoke to Defendant Henry several

27   times, asking for library access two times a week.  Plaintiff asserts that this request was denied,

28   and concedes that there were many days that he could not go to the law library due to medical

2

reasons.  Plaintiff also contends that between January 26 and February 14, 2007, other inmates were permitted access to the law library once or twice a week, but he was not.

Plaintiff seeks nominal monetary damages.  Plaintiff also seeks an injunction requiring Defendants to grant him and others the same access to the law library as other inmates with a court deadline; a law library program with qualified aides and paralegals, and, alternatively, an order transferring him to another institution that will comply with his requests.

### B.   **Failure to Exhaust Administrative Remedies**

#### 1.   *Legal Standard*

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

///

3

1    The California Department of Corrections has an administrative grievance system for

2   prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (Deering 2009).  The process is initiated

3   by submitting a CDC Form 602.  Id. § 3084.2(a).  Four levels of appeal are involved, including

4   the informal level, first formal level, second formal level, and third formal level, also known as the

5   "Director's Level."  Id. § 3084.5.  Appeals must be submitted within fifteen working days of the

6   event being appealed, and the process is initiated by submission of the appeal to the informal level,

7   or in some circumstances, the first formal level.  Id. §§ 3084.5, 3084.6(c).  In order to satisfy

8   section 1997e(a), California state prisoners are required to use this process to exhaust their claims

9   prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at 1199-

10   1201.

11    Plaintiff does not have to name each defendant in his grievance form.  See Jones, 549 U.S.

12   at 218-19 ("The level of detail necessary in a grievance to comply with the grievance procedures

13   will vary from system to system and claim to claim, but it is the prison's requirements, and not

14   the PLRA, that define the boundaries of proper exhaustion . . . . [E]xhaustion is not per se

15   inadequate simply because an individual later sued was not named in the grievances.").  The

16   inmate appeal form CDC-602 does not require identification of specific individuals.  See Cal.

17   Code Regs., tit. 15 § 3084.2(a).

18    **C.   Arguments**

19    Defendants contend that Plaintiff has not fully exhausted his administrative remedies

20   pertaining to this action.  Defendants contend that Plaintiff did not file a grievance related to the

21   events alleged from the time of the first incident in July 2006 through the end of February 2007,

22   when Plaintiff filed his complaint.  (Doc. 37, Mem. In Support of Mot. To Dismiss 5:8-13; N.

23   Grannis Decl. ¶ 10; Navarro Decl. ¶ 4.)  Defendants submit declarations from N. Grannis, Chief of

24   the Inmate Appeals Branch, and R. Navarro, litigation coordinator at Avenal State Prison.

25    Defendants further contend that the grievance submitted by Plaintiff to demonstrate

26   exhaustion, grievance No. ASP-05-03237, could not be used to exhaust the claims stated in this

27   complaint.  (Mem. In Support of Mot. To Dismiss 5:15-23.)  That grievance was submitted in

28   December 2005, over six months before the events that give rise to this action.  (Id.)

4

1    Pursuant to title 15, section 3084.6(c) of the California Code of Regulations, inmates are

2    to file a grievance within 15 days following the events appealed from.  "[P]roper exhaustion of

3    administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by

4    filing an untimely or otherwise procedurally defective . . . appeal."  Woodford, 548 U.S. at 83-84.

5    "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

6    rules . . . ."  Id. at 90.  Defendants have proffered sufficient evidence to demonstrate that Plaintiff

7    did not properly comply with the inmate appeals process.

8    Plaintiff presents no evidence that he exhausted available administrative remedies prior to

9    filing suit.[1]  Plaintiff contends that the exhaustion of grievance No. ASP-05-03237 is sufficient

10   because Defendants' actions were part of an overall chain conspiracy to violate Plaintiff's

11   constitutional rights. (Doc. 64, p. 15.)  However, Plaintiff's complaint clearly indicates that the

12   first alleged violation occurred in July 2006.  (Doc. 3, Compl. 4:24-28.)  As stated previously,

13   Plaintiff cannot rely on an inmate appeal filed six months prior to the first alleged violation as

14   proper exhaustion pursuant to prison regulations.  Plaintiff's opposition contends that he filed

15   other inmate appeals, but Plaintiff submits no evidence that these other inmate appeals were ever

16   exhausted prior to filing this suit or even related to this action.

17   Accordingly, Defendants' motion to dismiss for Plaintiff's failure to exhaust available

18   administrative remedies should be granted.   The proper remedy is dismissal without prejudice.

19   Wyatt, 315 F.3d at 1119-20.  Based on the Court's finding that Plaintiff did not exhaust the

20   available administrative remedies prior to filing suit, the Court does not reach Defendants'

21   arguments regarding dismissal for failure to state a claim.  See, e.g., Perez v. Wisconsin Dep't of

22   Corr., 182 F.2d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to

23   dismiss for failure to exhaust in case where district court granted summary judgment to

24   defendants on the merits and did not rule on their pending motion for dismissal based on failure to

25   exhaust).

26

27       [1] Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff must serve
Defendants with his opposition. Fed. R. Civ. P. 5; Local Rule 135(b).  It is unclear whether Plaintiff has complied.
28   The Court will nonetheless consider Plaintiff's opposition.

1  **III.    Conclusion**

2          Based on the foregoing, it is HEREBY ORDERED that the Court's Findings and

3  Recommendations, filed on September 30, 2009, is VACATED.

4          Furthermore, it is HEREBY RECOMMENDED that Defendants' motion to dismiss for

5  failure to exhaust available administrative remedies, filed on March 12, 2009, should be

6  GRANTED, and that this action should be DISMISSED without prejudice.

7          These Findings and Recommendations will be submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

9  **thirty (30) days** after being served with these Findings and Recommendations, the parties may

10  file written objections with the Court.  The document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.

13  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14          IT IS SO ORDERED.

15      **Dated:    January 11, 2010              /s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28