# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | CASE NO. 1:07-CV-01101-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' |
| v. | MOTION TO DISMISS BE DENIED AS TO FAILURE TO EXHAUST |
| KATHY MENDOZA-POWER, et al., | ADMINISTRATIVE REMEDIES AND GRANTED AS TO FAILURE TO STATE A |
| Defendants. | CLAIM |
| | (DOC. 37) |
| _____/ | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## Findings And Recommendations

### I.   Background

Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed July 30, 2007, against Defendants Kathy Mendoza-Power and K. Henry for denial of access to the courts. On March 12, 2009, Defendants filed a motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, contending that Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Defs.' Mot. Dismiss, Doc. 37. Defendants also contend in the alternative that Plaintiff fails to state a claim against Defendants. *Id.* On December 17, 2009, Plaintiff filed

1

1   his opposition.[1]  Pl.'s Opp'n, Doc. 64.  The matter was submitted pursuant to Local Rule 230(l).

2       On January 12, 2010, the undersigned issued a Findings and Recommendations ("F&R"),

3   recommending dismissal of the action without prejudice for Plaintiff's failure to exhaust

4   available administrative remedies.  F&R, Doc. 71.  On March 4, 2010, the United States District

5   Judge assigned to this action adopted the Findings and Recommendations.  Order, Doc. 74.

6   Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit on

7   March 15, 2010.  Doc. 75.  On August 17, 2011, the Ninth Circuit vacated the District Judge's

8   order and remanded to this Court for further proceedings, citing a decision in *Harvey v. Jordan*,

9   605 F.3d 681 (9th Cir. 2010), which was decided after the Court had issued its order.

10  Accordingly, the undersigned issues the following F&R.

11  **II.    Summary Of Complaint**

12      Plaintiff is a state prisoner at Avenal State Prison ("ASP"), where the alleged events

13  giving rise to this action occurred.  Plaintiff alleges that between July 14, 2006 and January 5,

14  2007, Defendants Warden Mendoza-Powers and librarian K. Henry did not provide Plaintiff with

15  assistance in preparing his legal documents, namely the filing of a habeas corpus petition.

16  Plaintiff alleges that he has dyslexia.  Plaintiff alleges that on January 5, 2007, he received

17  insufficient assistance from a law library clerk after Defendant Henry went to her office rather

18  than assist Plaintiff.  Plaintiff alleges that he requested that the court appoint him representation

19  because no one at the library could help him file a writ of habeas corpus or do research.

20      Plaintiff alleges that on July 14, 2006, he gave Defendant Henry a two-page letter with a

21  list of appeals to copy and attach, and defendant Henry was supposed to give the letter to

22  Defendant Mendoza-Powers to mail to the court.  Plaintiff alleges that he filed a grievance

23  regarding the letter and that it was partially granted at the first level.

24      Plaintiff also contends that he did not receive sufficient time in the law library.  During

25  the months of October and November 2006, Plaintiff claims that he spoke to Defendant Henry

26

27      [1]  Plaintiff was provided with notice of the requirements for opposing an unenumerated
    12(b) motion on November 25, 2008.  Second Informational Order, Doc. 27; *Wyatt v. Terhune*,
28  315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

several times, asking for library access two times a week.  Plaintiff asserts that this request was

denied, and concedes that there were many days that he could not go to the law library due to

medical reasons.  Plaintiff also contends that between January 26 and February 14, 2007, other

inmates were permitted access to the law library once or twice a week, but he was not.

Plaintiff seeks nominal monetary damages.  Plaintiff also seeks an injunction requiring

Defendants to grant him and others the same access to the law library as other inmates with a

court deadline; a law library program with qualified aides and paralegals, and, alternatively, an

order transferring him to another institution that will comply with his requests.

**III.**    **Exhaustion Of Administrative Remedies**

   **A.**    **Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

*v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required

regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

*Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

defense under which defendants have the burden of raising and proving the absence of

exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial

administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b)

motion, rather than a summary judgment motion.   *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l*

*Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In

deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes

that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal

1  without prejudice.  *Id.*

2  **B.  Discussion**

3  The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code

4  Regs. tit. 15, § 3084.1 (2010).  The process is initiated by submitting a CDC Form 602.  *Id.* §

5  3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level,

6  second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.

7  Appeals must be submitted within fifteen working days of the event being appealed, and the

8  process is initiated by submission of the appeal to the informal level, or in some circumstances,

9  the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state

10  prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v.*

11  *Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always*

12  require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy

13  exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the

14  appeal.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of

15  exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36

16  (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

17  Defendants contend that Plaintiff has not properly exhausted his administrative remedies

18  pertaining to this action.  Defendants contend that Plaintiff did not file a grievance related to the

19  events alleged from the time of the first incident in July 2006 through the end of February 2007,

20  when Plaintiff filed his complaint.  Mem. P. & A. Support Mot. Dismiss 5:8-13, Doc. 37; N.

21  Grannis Decl. ¶ 10; Navarro Decl. ¶ 4.  Defendants submit declarations from N. Grannis, Chief

22  of the Inmate Appeals Branch, and R. Navarro, litigation coordinator at Avenal State Prison.

23  Defendants further contend that the grievance submitted by Plaintiff to demonstrate

24  exhaustion, grievance No. ASP-05-03237, could not be used to exhaust the claims stated in this

25  complaint.  Mem. P. & A. Support Mot. Dismiss 5:15-23.  That grievance was submitted in

26  December 2005, over six months before the events that give rise to this action.  *Id.*

27  Plaintiff contends that he had exhausted administrative remedies with grievance No.

28  ASP-05-03237.  It is not "the prisoner's responsibility to ensure that prison officials actually

4

1    provide the relief that they have promised. *See Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir.

2    2004) ("A prisoner who has not received promised relief is not required to file a new grievance

3    where doing so may result in a never-ending cycle of exhaustion.")." *Harvey*, 605 F.3d at 685.

4    Grievance No. ASP-05-3237 was partially granted to Plaintiff's satisfaction.  Thus, it may be

5    used to demonstrate exhaustion of administrative remedies if it "alerts the prison to the nature of

6    the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

7          Grievance No. ASP-05-03237 is attached as an exhibit to Plaintiff's complaint.  Compl.,

8    Ex. 1, Doc. 3.  On December 9, 2005, Plaintiff submitted  his grievance at the informal level.

9    Plaintiff complained that he was dyslexic and that the ASP prison law library was discriminating

10   against him because he requires 1) help to fill out forms, 2) photocopies because he cannot retain

11   information he has read, and 3) more time at the law library than once a week.  Plaintiff also

12   requested that he be able to make copies of various CDCR forms.  The grievance was appealed to

13   the informal level, where it was denied.  It was then appealed to the first level of review on

14   December 9, 2005.  On January 12, 2006, the grievance was partially granted at the first level of

15   review.  Plaintiff was granted access to copy documents that conform to the policies for making

16   copies, and could receive more than once a week access to the law library, depending on

17   institutional procedures.  Plaintiff then appealed this grievance to the second level of review,

18   when, on February 9, 2006, the second level response granted the appeal in part, approving of the

19   first level review response.  Plaintiff then appealed this grievance to the Director's level.  On

20   May 22, 2006, Plaintiff's appeal was denied, finding that Plaintiff's issues were properly

21   addressed at ASP.

22         Based on a review of Grievance No. ASP-05-03237, the undersigned finds that it

23   exhausts administrative remedies as to his current claim, as it was sufficient to place prison

24   officials on notice of the wrong and the redress sought.  Plaintiff informed prison officials of his

25   difficulties with his law library access, and of the relief that he sought.  Accordingly, Defendants'

26   motion to dismiss for Plaintiff's failure to exhaust administrative remedies should be denied.

27   ///

28   ///

## IV.    Failure To State A Claim

Defendants contend that Plaintiff has failed to state a claim against both Defendants. Defs.' Mem. P. & A. Support Mot. Dismiss 6:1-8:11, Doc. 37.   "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*[2]

### A.    Defendant Mendoza-Powers

Defendants contend that Plaintiff has failed to state a claim against Defendant Mendoza-Powers for denial of access to the courts.  Defs. Mem. P. & A. Support Mot. Dismiss 6:9-7:7. Defendants contend that Plaintiff has alleged at most vicarious liability, which is not a cognizable claim under § 1983.  *Id.*

Plaintiff alleges that Defendant Mendoza-Powers is responsible for her employees, their training, and job performance.  Compl. 3-4.  Defendant Mendoza-Powers appears to be named as

---

[2]  Plaintiff's complaint was screened without benefit of *Iqbal*, as it was not handed down from the United States Supreme Court until after 28 U.S.C. § 1915A screening had occurred.

a Defendant based on a theory of supervisory liability.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has failed to allege facts which demonstrate that Defendant Mendoza-Powers personally participated in the alleged deprivation, knew of constitutional violations and failed to act; or implemented a policy that violated Plaintiff's constitutional rights.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.  Plaintiff thus fails to state a claim against Defendant Mendoza-Powers.

### B.   Defendant Henry

Defendants contend that Plaintiff's allegations against Defendant Henry rise at most to a speculative level, which fails to state a claim.  Defs.' Mem. P. & A. Support Mot. Dismiss 7:10-8:11.  Plaintiff alleges the following against Defendant Henry.  On July 12, 2006, Plaintiff was at the law library.  Compl. 7:19-24.  Defendant Henry informed Plaintiff to tell her of his court cases the next time he came in so that she could appoint him representation.  *Id.*  On July 14, 2006, Plaintiff gave Defendant Henry a two-page letter listing nineteen appeals for which Plaintiff needed assistance.  *Id.* at 7:1-12.  Plaintiff was informed that two new job openings were planned for a new law library program.  On October 11, 2006, Plaintiff asked Defendant Henry

1  for more than once a week of law library time. *Id.* at 6:25-28. Defendant Henry told Plaintiff

2  that he was down for two days a week. *Id.* On October 24, 2006, Plaintiff told Defendant Henry

3  he had missed the previous week because of his illness. *Id.* at 6:14-24. Plaintiff requested that

4  he be put on the list for two days a week. *Id.* Defendant Henry told Plaintiff that she would

5  inform one of her inmate workers to put Plaintiff in the computer. *Id.* On November 7, 2006,

6  Plaintiff inquired about a missing supplement to a state code book. *Id.* at 6:1-8. Defendant

7  Henry informed Plaintiff that she was unable to order anything from outside the prison. *Id.*

8       On December 6, 2006, Plaintiff asked Defendant Henry again to place him on the two

9  days a week list. *Id.* at 5:26-28. On January 5, 2007, Plaintiff informed Defendant Henry that

10 he needed assistance to fill out a writ of habeas corpus. *Id.* at 5:11-21. Defendant Henry went

11 straight to her office. *Id.* An inmate assisted Plaintiff instead, but was not competent. *Id.* From

12 January 26, 2007 to February 14, 2007, Plaintiff did not receive a pass to the law library.

13      Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343,

14 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights

15 actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or

16 hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from

17 the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v.*

18 *Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here,

19 plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official

20 acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not

21 otherwise available in a future suit. *Id.* at 413-14.

22      The first element requires that plaintiff show he suffered an "actual injury" by being shut

23 out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires

24 that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the

25 touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)

26 (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v.*

27 *Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third

28 element requires that plaintiff show he has no other remedy than the relief available via *this* suit

for denial of access to the courts.  *Harbury*, 536 U.S. at 415.  The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a).  *Id.* at 417-18.

Plaintiff's allegations against Defendant Henry fail to state a claim for denial of access to the courts.  Based on Plaintiff's allegations, he was unable to visit the law library on several occasions because of illness, not because of Defendant Henry.  Plaintiff alleges that he was unable to file a writ of habeas corpus.  However, Plaintiff fails to allege an actual injury by being shut out of court.  Plaintiff has failed to allege sufficient facts to demonstrate the loss of a meritorious suit because of Defendant Henry's actions.

## C.    Leave To Amend

The Court finds that leave to amend should be granted in this instance.  Plaintiff was not fully apprised of the pleading requirements enumerated by *Iqbal*, and has not previously amended this action.  It is possible that Plaintiff may allege additional facts to cure the deficiencies identified herein.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## V.    Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, filed March 12, 2009, should be DENIED;

2.    Defendants' 12(b)(6) motion to dismiss for failure to state a claim, filed March 12, 2009, should be GRANTED;

3.    Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

4.    Plaintiff be GRANTED leave to file a first amended complaint within thirty (30) days from the date of service of the District Judge's order regarding these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate

9

Judge's Findings and Recommendations."  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **September 19, 2011**                          **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE