# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | CASE NO. 1:07-cv-01101-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS BE DENIED |
| v. | |
| KATHY MENDOZA-POWER, et al., | (DOCS. 98, 100, 101) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 5, 2012, January 11, 2012, and January 31, 2012, Plaintiff filed 1) a motion for writ of mandate, 2) motion for court order to Avenal State Prison warden, and 3) motion for Court to order the warden to replace case documents. Docs. 98, 100, 101. The motions are construed as motions for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

1

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471(1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d)(listing persons bound by injunction).

I.      **January 5, 2012 Motion**

Plaintiff moves for a "writ of mandate" to order the warden of Avenal State Prison to provide Plaintiff with access to the law library.  Plaintiff concedes that Defendants Kathy Mendoza-Power and K. Henry are no longer employed at Avenal State Prison.  Plaintiff requests that the current warden, facility captain, and various librarians provide Plaintiff with access to the law library.

Plaintiff has not met the requirements for a preliminary injunction.  Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20. Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading in this action at this time.  Additionally, Plaintiff has not demonstrated irreparable harm by being denied access to the law library.  Accordingly, Plaintiff's motion, construed as a motion for preliminary injunction, should be denied.

II.     **January 11, 2012 Motion**

Plaintiff complains that the medical appeals coordinator at Avenal State Prison has denied Plaintiff's rights to file his appeal.  Again, Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20.  Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading.  Accordingly, Plaintiff's motion, construed as a motion for preliminary injunction, should be denied.

///

Case 1:07-cv-01101-LJO -DLB   Document 102   Filed 02/13/12   Page 3 of 3

### III. January 31, 2012 Motion

Plaintiff moves the Court to order the warden of Avenal State Prison to provide a copy of all of Plaintiff's court documents from June 29, 2010 to January 27, 2012, filed in this action. Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20. Additionally, if Plaintiff is requesting a copy from the Court, Plaintiff will be provided copies at the cost of $0.50 per page, as stated in the Court's First Informational Order. Doc. 2. Accordingly, Plaintiff's motion, construed as a motion for preliminary injunction, should be denied.

### IV. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions, filed January 5, 2012, January 11, 2012, and January 31, 2012, construed as motions for preliminary injunction, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days from the date of service of a party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 13, 2012**              **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE