# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | CASE NO. 1:07-cv-01101-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS BE DENIED |
| v. | |
| KATHY MENDOZA-POWER, et al., | (DOCS. 104, 105) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

### Findings And Recommendation

Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2012, Plaintiff filed a motion for a court order requiring Avenal State Prison warden to replace documents that were taken from Plaintiff's property. Doc. 104. On February 21, 2012, Plaintiff filed a similar motion for a court order. The motions are construed as motions for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

1

1    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
2 must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
3 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
4 454 U.S. 464, 471(1982).  If the court does not have an actual case or controversy before it, it has
5 no power to hear the matter in question. *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may
6 issue an injunction [only] if it has personal jurisdiction over the parties and subject matter
7 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
8 court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed.
9 R. Civ. P. 65(d)(listing persons bound by injunction).

10    Plaintiff has not met the requirements for a preliminary injunction.  Plaintiff has not
11 demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20.
12 Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading
13 in this action at this time.  The Court also lacks jurisdiction over the warden of Avenal State
14 Prison.

15    Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions, filed
16 February 16, 2012 and February 21, 2012, and construed as motions for preliminary injunction,
17 be denied.

18    These Findings and Recommendations will be submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen**
20 **(14) days** after being served with these Findings and Recommendations, the parties may file
21 written objections with the Court. The document should be captioned "Objections to Magistrate
22 Judge's Findings and Recommendations."  A party may respond to another party's objections by
23 filing a response within fourteen (14) days from the date of service of a party's objections.  The
24 parties are advised that failure to file objections within the specified time may waive the right to
25 appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

26    IT IS SO ORDERED.

27    Dated:   **April 23, 2012**            **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE
28