# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KATHY MENDOZA-POWER, et al., <br><br> Defendants. | Case No. 1:07-cv-01101-LJO-DLB PC <br><br> **FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR COURT ORDER BE DENIED** <br><br> ECF No. 114 <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Defendants Kathy Mendoza-Power and K. Henry have appeared in this action. On August 5, 2012, Plaintiff filed a motion seeking a court order. ECF No. 114. The Court construes the motion as one for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471(1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff seeks a court order against warden James Hartley, lieutenant Snyder, J. A. Hill and E. P. Richards, compelling them to mail out Plaintiff's mail in a timely manner. None of these individuals are Defendants in this action. The Court lacks jurisdiction over parties not before it. Accordingly, Plaintiff's motion should be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion, filed August 5, 2012, construed as a motion for preliminary injunction, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days from the date of service of a party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 9, 2012**              /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE