# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | Case No. 1:07-cv-01101-LJO-DLB PC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SURREPLY** (ECF No. 120) |
| v. | |
| KATHY MENDOZA-POWER, et al., | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED** (ECF No. 112) |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.    Background**

Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On April 23, 2012, the Court issued an order directing Plaintiff to file an amended complaint within thirty days. ECF No. 107. Plaintiff did not comply with the order. On June 4, 2012, Defendants K. Henry and Kathy Mendoza-Power filed a Motion to Dismiss for Plaintiff's failure to prosecute this action. ECF No. 112. Plaintiff filed an opposition on July 12, 2012. ECF No. 115. On July 16, 2012, Defendants filed their reply. ECF No. 116. Plaintiff then filed several motions requesting an extension of time to comply with the Court's order directing Plaintiff to file an amended complaint. On December 11, 2012, the Court issued a final extension of time for Plaintiff to file his amended complaint. ECF No. 129. As of the date of this order, Plaintiff has not complied. Defendants' motion to dismiss is deemed submitted.

On September 6, 2012, Plaintiff filed an additional objection to Defendants' motion. On

September 12, 2012, Defendants filed a motion to strike Plaintiff's objection as a surreply, which is not authorized by Local Rule 230(l).  Defendants are correct.  Accordingly, it is HEREBY ORDERED that Defendants' motion to strike Plaintiff's surreply, filed September 12, 2012, is granted.  Plaintiff's Objection, filed September 6, 2012, is stricken.

**II.     Motion to Dismiss**

Defendants contend that Plaintiff's original complaint was dismissed for failure to state a claim, with leave to amend.  Defendants contend that Plaintiff has failed to comply with the Court's order and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants move for dismissal.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

1 *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

2 In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. This case was filed in July 30, 2007. On October 18, 2011, Plaintiff was initially ordered to file an amended complaint. More than seven months passed, and Plaintiff failed to comply. Defendants subsequently filed this motion. The Court nonetheless granted Plaintiff additional time to comply, but he has failed to do so.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

Plaintiff was warned that failure to comply with the Court's order would result in recommendation that this action be dismissed for failure to obey a court order. Even though he was given ample opportunity to comply, Plaintiff failed to file an amended complaint.

### III. Conclusion

Accordingly, the Court HEREBY RECOMMENDS that

1. Defendants' Motion to Dismiss, filed June 4, 2012, should be granted; and
2. This action be DISMISSED based on Plaintiff's failure to obey the Court's April 23, 2012 Order and for failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**March 8, 2013**__                        _____/s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE