1

2

3

4

5

6

7                           **UNITED STATES DISTRICT COURT**

8                           EASTERN DISTRICT OF CALIFORNIA

9

10   RALPH KELLY HAWTHORNE, JR.,            | Case No. 1:07-cv-01101-LJO-DLB PC

11                   Plaintiff,             | **ORDER GRANTING DEFENDANTS'
                                            | MOTION TO STRIKE SURREPLY** (ECF
12        v.                                | No. 120)

13   KATHY MENDOZA-POWER, et al.,           | **FINDINGS AND RECOMMENDATIONS
                                            | RECOMMENDING DEFENDANTS'
14                   Defendants.            | MOTION TO DISMISS BE GRANTED**
                                            | (ECF No. 112)
15
                                            | OBJECTIONS, IF ANY, DUE WITHIN
16                                          | FOURTEEN DAYS

17
     I.      **Background**
18
             Plaintiff Ralph Kelly Hawthorne, Jr. ("Plaintiff") is a California state prisoner proceeding pro
19
     se in this civil action pursuant to 42 U.S.C. § 1983.  On April 23, 2012, the Court issued an order
20
     directing Plaintiff to file an amended complaint within thirty days.  ECF No. 107.  Plaintiff did not
21
     comply with the order.  On June 4, 2012, Defendants K. Henry and Kathy Mendoza-Power filed a
22
     Motion to Dismiss for Plaintiff's failure to prosecute this action.  ECF No. 112.  Plaintiff filed an
23
     opposition on July 12, 2012.  ECF No. 115.  On July 16, 2012, Defendants filed their reply.  ECF
24
     No. 116.  Plaintiff then filed several motions requesting an extension of time to comply with the
25
     Court's order directing Plaintiff to file an amended complaint.  On December 11, 2012, the Court
26
     issued a final extension of time for Plaintiff to file his amended complaint.  ECF No. 129.  As of the
27
     date of this order, Plaintiff has not complied.  Defendants' motion to dismiss is deemed submitted.
28
             On September 6, 2012, Plaintiff filed an additional objection to Defendants' motion.  On

                                            1

1    September 12, 2012, Defendants filed a motion to strike Plaintiff's objection as a surreply, which is

2    not authorized by Local Rule 230(l).  Defendants are correct.  Accordingly, it is HEREBY

3    ORDERED that Defendants' motion to strike Plaintiff's surreply, filed September 12, 2012, is

4    granted.  Plaintiff's Objection, filed September 6, 2012, is stricken.

5    **II.    Motion to Dismiss**

6         Defendants contend that Plaintiff's original complaint was dismissed for failure to state a

7    claim, with leave to amend.  Defendants contend that Plaintiff has failed to comply with the Court's

8    order and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants move for

9    dismissal.

10        Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

11   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

12   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

13   control their dockets and "in the exercise of that power, they may impose sanctions including, where

14   appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

15        A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

16   action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*

17   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

18   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

19   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

20   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

21   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

22   comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

23   failure to lack of prosecution and failure to comply with local rules).  In determining whether to

24   dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with

25   local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution

26   of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

27   the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

28   alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

1   *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

2          In the instant case, the Court finds that the first two factors, the public's interest in

3   expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor

4   of dismissal.  This case was filed in July 30, 2007.  On October 18, 2011, Plaintiff was initially

5   ordered to file an amended complaint.  More than seven months passed, and Plaintiff failed to

6   comply.  Defendants subsequently filed this motion.  The Court nonetheless granted Plaintiff

7   additional time to comply, but he has failed to do so.

8          The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

9   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

10  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

11  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

12  discussed herein.  Finally, a Court's warning to a party that his failure to obey the court's order will

13  result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at

14  1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

15         Plaintiff was warned that failure to comply with the Court's order would result in

16  recommendation that this action be dismissed for failure to obey a court order.  Even though he was

17  given ample opportunity to comply, Plaintiff failed to file an amended complaint.

18  **III.    Conclusion**

19         Accordingly, the Court HEREBY RECOMMENDS that

20     1.  Defendants' Motion to Dismiss, filed June 4, 2012, should be granted; and

21     2.  This action be DISMISSED based on Plaintiff's failure to obey the Court's April 23, 2012

22         Order and for failure to prosecute this action.

23  These Findings and Recommendations will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

25  after being served with these Findings and Recommendations, the parties may file written objections

26  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

27  Recommendations."  A party may respond to another party's objections by filing a response within

28  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

3

4

5   IT IS SO ORDERED.

6     Dated:   **March 8, 2013**             /s/ *Dennis L. Beck*

7                                  UNITED STATES MAGISTRATE JUDGE